United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Carlos Gil, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-20107-Civ-Scola |
| ) | |
| SMG Holdings I, LLC and SMG ) | |
| Holdings II, LLC, Defendants. ) | |

### Order on Motion to Dismiss

The Defendants SMG Holdings I, LLC and SMG Holdings II, LLC have filed a motion to dismiss (ECF No. 12). Asserting claims for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and trespass, the Plaintiff Juan Carlos Gil alleges that he was unable to meaningfully access the Defendants' website. The Defendants seek dismissal of the Plaintiff's complaint on the basis that his claims have become moot, and for failure to state a claim. (Mot., ECF No. 12.) For the reasons set forth below, the Court **denies** the motion (**ECF No. 12**).

### 1. Background

The Plaintiff is a legally blind individual, who attempted to use the Defendants' website, www.jlkc.com, to obtain information regarding events and performances at the James L. Knight Center. He uses screen reading software that allows him to communicate with enabled websites, but the Defendants' website does not have the capability to allow blind or otherwise visually impaired individuals to use their keyboards and screen reading software. In addition, the Plaintiff alleges that because he was unable to interact with the Defendants' website, he was not able to read and understand the Defendants' user personal information collection policy and practices, or that the Defendants' website places software on a user's computer to collect browsing history and analytics. As a result, the Plaintiff asserts two claims against the Defendants for violation of the ADA (Count 1), and trespass (Count 2).[1]

### 2. Legal Standard

Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. "There are three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." *Zinni v.*

---

[1] The Plaintiff filed a notice of voluntary dismissal with prejudice of Count 2. (*See* ECF No. 18.)

*ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)). With respect to mootness, the Supreme Court "has explained 'a federal court has no authority to give opinions upon moot questions . . . .'" *Id.* (quoting *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992)). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotations and citations omitted); *see also Christian Coal.*, 662 F.3d at 1189 (citations omitted); *Zinni*, 692 F.3d at 1166 (citations omitted). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (citation omitted). When considering a defendant's argument that facts now exist that deprive the court of subject matter jurisdiction, a court may consider extrinsic evidence such as testimony and affidavits. *See Morrison v. Amway Corp.,* 323 F.3d 920, 924 n.5 (11th Cir.2003).

The standard for dismissing a case on the basis of mootness is "stringent." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*; *see also Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (holding that the defendant had not "met its heavy burden of showing under controlling law that it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). "[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways." *Id.*

### 3. Analysis

In their motion, the Defendants represent to the Court that the virtual barriers enumerated in the Plaintiff's complaint are in the process of being corrected—referring the Court to the Declaration of Rodrigo Carvalho (ECF No. 11) detailing the scope of work to be performed in addition to an audit report from Miami Lighthouse for the Blind. In the Declaration, Mr. Carvalho also represents that the necessary changes to the website will be completed by May 1, 2018. (*See* ECF No. 11 at ¶ 6.) In addition, the Defendants recently filed a

Second Declaration by Mr. Carvalho, asserting that the scope of work described in his first Declaration has been completed, and attaching a report of the work completed. Mr. Carvalho also asserts that the Defendants' website is now ADA compliant. (*See* ECF No. 25-1.) Therefore, the Defendants argue that the Plaintiff's ADA claim is moot.

Notwithstanding Mr. Carvalho's Declarations and the Defendants' notice of supplemental authority (ECF No. 26), the Defendants do not establish that it is absolutely clear that the violations alleged in the complaint cannot reasonably be expected to recur. Indeed, upon review of the report attached to Mr. Carvahlo's Second Declaration, numerous further changes are recommended. For example, in the section entitled "Indication of the existence of a submenu in the main menu items," Mr. Carvahlo notes that "[t]he analysis recommendation indicates the change in the behavior of the submenu items so that when the user clicks on the main menu, the submenu options are displayed." (ECF No. 25-2 at § 3.5.) However, the report goes on to note that "[t]his change is not possible due to the structuring of the theme with the menu." (*Id.*) Thus, the Court cannot conclude that the necessary modifications have indeed occurred as required.

While the Court acknowledges that it has previously found ADA claims to be moot based upon voluntary cessation by defendants, *Houston v. 7-Eleven, Inc.*, No. 13-60004-Civ, 2014 WL 351970, at *4 (S.D. Fla. Jan. 31, 2014) (Scola, J.), the *Houston* case involved structural barriers that the defendant modified, not virtual barriers as in this case. Moreover, this is not a case in which there is a pre-existing remediation plan with which the Defendants are complying, or a previous essentially identical lawsuit against the Defendants based on alleged website inaccessibility. *See, e.g. Haynes v. Hooters of Am., LLC*, No. 17-60663-Civ-Scola, 2017 WL 2579044, at *2 (S.D. Fla. June 14, 2017) (Scola, J.) (finding ADA claims moot, where proposed remediation plan was in accordance with a previous binding settlement agreement involving nearly identical claim); *Haynes v. Brinker Int'l, Inc.*, No. 17-cv-61265-BLOOM/Valle, 2017 WL 4347204, at *2 (S.D. Fla. Sept. 29, 2017) (Bloom, J.) (same); *Haynes v. Panda Express, Inc.*, No. 17-cv-61567-BLOOM/Valle, 2018 WL 538698, at *3 (S.D. Fla. Jan. 24, 2018) (Bloom, J.) (same).

As a result, whether or not the Plaintiff is entitled to the injunctive relief he seeks—further modification of the Defendants' website accessibility policy and website—is a question unsuitable for disposition at this stage in this case. Therefore, the Defendants have not met their heavy burden to show that the claimed ADA violations are moot. *See Sheely*, 505 F.3d at 1183.

### 4. Conclusion

Accordingly, the Defendants' motion to dismiss (**ECF No. 12**) is **denied**. Furthermore, pursuant to the Plaintiff's notice of voluntary dismissal (ECF No. 18), the Court **dismisses with prejudice** Count 2 of the complaint.

**Done and ordered** at Miami, Florida, on May 29, 2018.

Robert N. Scola, Jr.
United States District Judge